
FILED
MAY 20 2014
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TRACEY R. GODFREY,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 14-164-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On May 19, 2014, Petitioner Tracey Godfrey filed this action under 28 U.S.C. § 2254. Godfrey is a state prisoner proceeding pro se.

Godfrey did not provide his inmate trust account statement with his motion to proceed in forma pauperis, but there is no need to delay resolution of this action.

The instant petition is Godfrey's second in this Court challenging his sentence for sexual assault. *Compare* Pet. (Doc. 1) at 2-3 ¶¶1-4 *with* Pet. (Doc. 1) at 2-3 ¶¶1-4, *Godfrey v. Kirkegard*, No. CV 14-27-M-DLC (D. Mont. judgment entered May 5, 2014. In that action, Godfrey filed a notice of appeal on May 12, 2014. The case is pending before the Ninth Circuit Court of Appeals.

This Court lacks jurisdiction to hear a second petition unless Godfrey first obtains authorization from the Court of Appeals to file a second habeas petition in

1

this Court. 28 U.S.C. § 2244(b); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). To whatever extent Godfrey makes new arguments in his new petition, he may attempt to present those arguments to the Court of Appeals. In this Court, proceedings on his first petition are closed. *See Beaty v. Schriro*, 554 F.3d 780, 782-83 (9th Cir. 2009) (per curiam). The new petition is an unauthorized second petition and must be dismissed for lack of jurisdiction. *Burton*, 549 U.S. at 149.

Regardless of whether Godfrey meets the statutory criteria for a certificate of appealability, 28 U.S.C. § 2254(c)(2) – and the Court found in his previous action he does not – there is no doubt whatever about the procedural ruling, *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. The Petition (Doc. 1) should be DISMISSED for lack of jurisdiction.

2. The Clerk of Court should be directed to enter by separate document a judgment in of dismissal.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION

## AND CONSEQUENCES OF FAILURE TO OBJECT

Godfrey may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Godfrey must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 20th day of May, 2014.

*Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.