IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TRACEY R. GODFREY, | CV 14-164-M-DLC |
| Petitioner, | |
| vs. | ORDER |
| LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

Petitioner Tracey R. Godfrey, a state prisoner proceeding pro se, has filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Godfrey is challenging his sentence for sexual assault. This is the second habeas petition Godfrey has filed.

United States Magistrate Judge Jeremiah Lynch entered findings and recommendations in this matter on May 20, 2014. (Doc. 4.) Judge Lynch recommends that the Court dismiss this petition as a second or successive application pursuant to 28 U.S.C. § 2244(b)(2), and deny a certificate of appealability ("COA"). Godfrey timely objected, preserving his right to de novo review of the specified findings or recommendations to which he objects.

1

28 U.S.C. § 636(b)(1). The portion of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons stated below, the Court adopts Judge Lynch's recommendations in full. Because the parties are familiar with the procedural and factual background of this case, it will not be restated here.

This is Godfrey's second petition challenging his sentence for sexual assault. *See Godfrey v. Kirkegard*, No. CV 14-27-M-DLC (D. Mont. judgment entered May 5, 2014). His first petition was denied by this Court and is currently pending before the Ninth Circuit Court of Appeals. *Id.*

Godfrey advances two arguments in his objection. (Doc. 6 at 1.) First, he asserts that the Montana Supreme Court authorized this second petition for a writ of habeas corpus.[1] *Id.* Second, he relies on an exception to dismissal, specifically the inability to perform due diligence on the factual predicate for the illegality of his sentence under 28 U.S.C. § 2244(b)(2)(B)(I), due to lack of time and legal training.

---

[1] Although the Montana Supreme Court is an appellate court, 28 U.S.C. § 2244 requires authorization from the appropriate United States Court of Appeals – here, the Ninth Circuit Court of Appeals – not a state appellate court.

Even if these claims were not presented in the prior application, this Court may not entertain a second habeas petition without authorization from the Ninth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). Because this is an unauthorized second petition, the Court is precluded from addressing the merits of Godfrey's arguments and will dismiss this action pursuant to 28 U.S.C.§ 2244(b).

Godfrey does not object to Judge Lynch's recommendation regarding the COA. Nonetheless, the Court agrees with Judge Lynch that the COA should be denied because the second petition must be dismissed on procedural grounds. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

IT IS ORDERED that:

(1) Judge Lynch's findings and recommendation (Doc. 4) is ADOPTED in full.

(2) Mr. Godfrey's petition is DISMISSED for lack of jurisdiction.

(3) The Clerk of Court is instructed to enter a judgment of dismissal in favor of Respondents and against Petitioner by separate document.

(4) A certificate of appealability is DENIED.

Dated this 12th day of June, 2014.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court